**Westlaw.**

149 F 3d 1182 (Table)
149 F 3d 1182 (Table), 1998 WL 344049 (6th Cir (Mich ))
**Unpublished Disposition**
**(Cite as: 149 F.3d 1182, 1998 WL 344049 (6th Cir.(Mich.)))**

Page 1

**C**

Briefs and Other Related Documents

NOTICE  THIS IS AN UNPUBLISHED OPINION

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter  Use FI CTA6 Rule 28 and FI CTA6 IOP 206 for rules regarding the citation of unpublished opinions )

United States Court of Appeals, Sixth Circuit
George M  CHRIST and Deloress R  Christ, Plaintiffs-Appellants,
v
SEARS, ROEBUCK & COMPANY and Emerson Electric Company, Defendants-Appellees
**No. 97-1768.**

May 27, 1998

On Appeal from the United States District Court for the Eastern District of Michigan

BEFORE    MARTIN,    Chief    Judge, SUHRHEINRICH and SILER, Circuit Judges

PER CURIAM

**\*\*1** Plaintiffs George and Deloress Christ appeal *several evidentiary rulings that they believe doomed their product liability case against Sears, Roebuck and Co* and Emerson Electric Co  The defendants filed three motions in limine to exclude evidence, and the district court ruled in their favor on all three motions *Christ v Sears, Roebuck & Co* , No 96-CV-10211 (E D Mich June 13, 1997) The district court ruled that subsequent design improvements in a radial saw were inadmissible under Rules 401, 402, and 403 of the Federal Rules of Evidence The district court also found that evidence of violations of the Occupational Safety and Health Act, 29 U S C  § § 651-678, and the Michigan Occupational Safety and Health Act, M C L A  § § 408 1001-408 1094, was not relevant outside of an employer/employee context and therefore not admissible  Finally, the district court determined that the testimony of the Christs' **expert** was inadmissible  We agree with the district court's decisions regarding this evidence, and we

affirm

On May 25, 1995, plaintiff George Christ severed parts of two fingers on his left hand with a Sears Craftsman Radial Arm Saw and Sears Craftsman ten-inch carbide blade  The saw was designed and manufactured for the Craftsman product line by Emerson Electric Company, and the blade was designed and manufactured by Sears  The saw was manufactured in 1979, and Christ purchased the saw at Sears

Christ and his wife Deloress brought a product liability suit based on defective design  They filed a complaint against Sears  Roebuck and Co  and Emerson Electric Co  in Michigan state court on March 27, 1996  The Christs claimed that the saw and blade were defective and unsafe  They also claimed that Sears breached its implied and express warranties with respect to the saw and blade  The Christs pointed to two main alleged defects in the design of the saw  They alleged that the saw should have been fitted with a lower saw blade guard and that the anti-kickback pawls and spreader were poorly designed  [FN1]

> FN1  Although Mr  Christ has attempted to put the design of the anti-kickback pawls in issue, he admitted in a deposition that he was not using the anti-kickback pawls on the saw at the time of the accident  When asked why he did not use the anti-kickback pawls, he replied, "To me it always kind of scared me for some reason or another  So I just never used it  I have no--I never used it, let's put it that way "

The Christs planned to present a variety of evidence in proving their case  Their **expert** is **L.D. Ryan**, who has a Ph D  in agricultural engineering from Michigan State  and has taught mechanical engineering at several colleges and universities  Ryan stated in a written report that a lower saw blade guard could have been installed under the state of the art as it was in 1979 and that the radial arm saw's spreader and anti-kickback pawls were inconvenient to use and also could have been improved under the technology then available  Ryan testified in a deposition that he had never owned a radial arm saw and had used one for a few weeks in the 1960s and a few times since then  Ryan said he had not done a

© 2005 Thomson/West  No Claim to Orig  U S  Govt  Works

**EXHIBIT**

tabbies

I

149 F 3d 1182 (Table)
149 F 3d 1182 (Table). 1998 WL 344049 (6th Cir (Mich ))
**Unpublished Disposition**
(Cite as: 149 F.3d 1182, 1998 WL 344049 (6th Cir.(Mich.)))

Page 2

model or any sort of prototype of his proposed design modifications, and he noted that his design for anti-kickback pawls might not work  The lower saw blade guard was not patented until 1993, and the Christs' counsel admitted at the hearing on the motions in limine that it "was not in use in industry [in 1979] "

**\*\*2** Sears filed a notice of removal to the district court for the Eastern District of Michigan on June 18, 1996  On May 23, 1997, Sears filed three motions in limine to exclude evidence  The district court granted the motions in an order and opinion entered June 13  On June 19, the Christs moved for a stay of the proceedings in order to file an interlocutory appeal, and the court denied the motion on June 23  The parties subsequently stipulated for entry of summary judgment in favor of Sears on June 24, and the district court granted summary judgment that day  The Christs filed a timely notice of appeal on July 16

At issue in this case is not the summary judgment per se, but rather the underlying evidentiary rulings on the three motions in limine  The Christs argue that, after the evidentiary rulings, they had no chance to win their case  They therefore stipulated to summary judgment in order to appeal the evidentiary rulings  This Court reviews the decision of a district court on the relevancy of evidence for "clear abuse of discretion " _United States v Seago_, 930 F 2d 482, 494 (6th Cir 1991)  This Court also reviews a district court's decision regarding admissibility of **expert** testimony under an abuse of discretion standard  _United States v Jones_, 107 F 3d 1147. 1150-51 (6th Cir ), _cert denied_, 521 U S 1127 117 S Ct 2527 138 L Ed 2d 1027 (1997)  Abuse of discretion is "a definite and firm conviction that the trial court committed a clear error of judgment " _Logan v Dayton Hudson Corp_, 865 F 2d 789, 790 (6th Cir 1989)

The Christs claim that the lack of a lower saw blade cover was the saw's primary defect  They contend that the technology for such a blade cover existed in 1979, and that its utilization in a 1993 version of the saw reflects the feasibility of the then-existent technology  Sears argues that post-manufacture improvements are irrelevant, or, if relevant, unduly prejudicial  The district court agreed with Sears, finding that evidence of later-employed technology was irrelevant under Rules 401 and 402 of the Federal Rules of Evidence and that it would not impose a "duty to invent" on Sears  The court also determined that evidence of subsequent technological developments was barred under Rule 403 [FN2]

FN2  It bears noting that Rule 407 "Subsequent Remedial Measures" does not apply to this case  Rule 407 applies only when remedial measures are taken after the injury  In this case, the alleged remedial measures were taken in 1993, and the injury occurred in 1995  Michigan law has a similar provision, providing  "With regard to the production of a product that is the subject of a product liability action, evidence of a philosophy, theory, knowledge, technique, or procedure that is learned, placed in use, or discontinued after the event resulting in  injury to the person or property  is admissible only for the purpose of proving the feasibility of precautions " M C L A § 600 2946(3) (West 1986 & 1997 Supp )  Again, the changes were made before the injury

According to Rule 402, "[a]ll relevant evidence is admissible " Because this Court is sitting in diversity, it must look to the substantive law of Michigan to determine what is relevant in a product liability case  _Erie R R Co v Tompkins_ 304 U S 64, 78, 58 S Ct 817, 82 L Ed 1188 (1938)  Under Michigan law, the time of manufacure is the relevant point for determining the state of existing technology  _Gregory v Cincinnati Inc_, 450 Mich 1, 538 N W 2d 325, 326 (Mich 1995) ("The inquiry in a design defect case requires the trier of fact to assess the risks and utility of the product at the time of manufacture ")  The Christs argue that the technology for a lower blade guard existed in 1979  Ryan, their **expert**, testified that "it's not like a new breakthrough in technology "  Putting aside questions regarding the admissibility of Ryan's testimony, the Christs present no other evidence that the technology was in use in 1979 on radial arm saws  The Christs' evidence on this point is the 1993 saw, which is irrelevant  _See id_ at 334 ("Focusing on postmanufacture conduct in a negligent design case improperly shifts the focus from point-of-manufacture conduct ")  If the Christs want to present evidence regarding the state of the art in 1979, they should present evidence from 1979 or earlier, not from 1993  The 1993-vintage evidence merely reflects what the Christs' **expert** opines the state of the art should have been

**\*\*3** Even if the evidence of the new design were relevant, the district court was correct in finding the evidence inadmissible under Rule 403  According to Rule 403 "evidence may be excluded if its probative

© 2005 Thomson/West  No Claim to Orig  U S Govt  Works

149 F 3d 1182 (Table)                                                              Page 3
149 F 3d 1182 (Table), 1998 WL 344049 (6th Cir (Mich ))
**Unpublished Disposition**
**(Cite as: 149 F.3d 1182, 1998 WL 344049 (6th Cir.(Mich.)))**

value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury " Evidence of a design change patented in 1993 would have an overly prejudicial effect on a jury evaluating a saw made in 1979 "The central problem in a negligent design case in admitting postmanufacture duty to repair or recall is the possibility of taint or jury confusion with respect to any finding of negligence at the time of manufacture " *Gregory, 538 N W 2d at 328*

The Christs also contend that Sears violated the Federal Safety Act and Michigan Safety Act standards in the design and manufacture of its radial saw and that those rules are instructive regarding Sears's duty The district court determined that such standards applied solely to employer/employee activities in the workplace and were not relevant

Again, we will apply Michigan law in order to determine the relevance of Federal Safety Act and Michigan Safety Act regulations in a product liability action Under § 600 2946 of the Michigan Compiled Laws "In a product liability action brought against a manufacturer or seller for harm allegedly caused by a product Evidence of compliance or noncompliance with a regulation or standard not relevant to the event causing the death or injury is not admissible " M C L A § 600 2946(4) (West 1986 & 1997 Supp ) Federal Safety Act and Michigan Safety Act regulations apply only in the context of workplace activity *See Davis v Link, Inc 195 Mich App 70, 489 N W 2d 103, 105 (Mich App 1992)* (noting that Michigan Safety Act "regulations are applicable to employers and employees only"), *Zalut v Andersen & Assocs, Inc, 186 Mich App 229 463 N W 2d 236, 239 (Mich App 1990)* ("The [Michigan Safety Act] was enacted to insure safety in the workplace The regulations promulgated under the [Michigan Safety Act] set standards for safety in the workplace ") Because the accident did not occur in an employee/employer context, Federal Safety Act and Michigan Safety Act standards are inapposite to this case

Finally, the Christs seek to have the testimony of their **expert** admitted into evidence Ryan's challenged testimony regards the lower blade guard and the anti-kickback device Under Rule 702 if scientific or technical knowledge will assist the trier of fact and the witness is "qualified as an **expert** by knowledge, skill, experience, training, or education," the witness may give testimony "in the form of an opinion or otherwise " The district court found that

the use of proposed **expert** Ryan should be subjected to the test elucidated in *Daubert v Merrell Dow Pharm, Inc, 509 U S 579, 113 S Ct 2786, 125 L Ed 2d 469(1993),* and furthermore, that Ryan's proposed testimony failed to meet the *Daubert* criteria for admissibility The Christs, drawing a distinction between scientific and technical testimony, argue that Ryan's proposed testimony is technical in nature and does not fall under the purview of *Daubert* Further, the Christs contend that if Ryan's testimony does fall under *Daubert* it is nonetheless scientifically reliable

**\*\*4** The first question is whether *Daubert* applies solely to scientific testimony or to scientific and technical testimony The district court noted that "the Sixth Circuit appears to apply *Daubert* to cases in which **experts** are giving 'technical' rather than 'scientific' testimony The court has found cases in which the court appears to presume the applicability of *Daubert* in cases in which an **expert** proposes testimony of a technical nature " This is error Three months before the district court issued its decision, this Court conclusively eliminated technical testimony from *Daubert* analysis *See Jones, 107 F 3d at 1158* According to the Court in *Jones*

> As we implicitly recognized in *Berry, Daubert* does not create a new framework for analyzing proffered **expert** testimony based upon "technical, or other specialized knowledge " *Daubert* provides a "flexible" framework to aid district courts in determining whether **expert** scientific testimony is reliable If that framework were to be extended to outside the scientific realm, many types of relevant and reliable **expert** testimony--that derived substantially from practical experience--would be excluded Such a result truly would turn *Daubert,* a case intended to relax the admissibility requirements for **expert** scientific evidence, on its head

*Id* Taking technical testimony out of the *Daubert* framework lessens but does not, however, eliminate a court's scrutiny of **expert** testimony The Court in *Jones* also noted

> Although *Daubert* dealt with scientific **experts,** its language relative to the gatekeeper function of federal judges is applicable to all **expert** testimony offered under Rule 702 It is thus clear that a district court has the duty to decide not only whether evidence is relevant but also whether it is reliable

*Id* at 1156 (internal quotation marks and citations omitted)

© 2005 Thomson/West No Claim to Orig U S Govt Works

149 F 3d 1182 (Table)                                                      Page 4
149 F 3d 1182 (Table), 1998 WL 344049 (6th Cir (Mich ))
**Unpublished Disposition**
**(Cite as: 149 F.3d 1182, 1998 WL 344049 (6th Cir.(Mich.)))**

We need not answer the next question, which is whether Ryan's testimony is of a scientific or technical nature  Regardless of its nature, Ryan's testimony must meet the baseline requirements of reliability and relevance  As shown above, the testimony regarding the 1993 version of the radial arm saw is not relevant  The district court determined that Ryan's testimony regarding his proposed re-design of the anti-kickback pawls was not reliable  In light of Ryan's admitted lack of experience with radial arm saws and his admissions that he had not designed a prototype and was not sure his proposed modifications would work, the district court did not abuse its discretion in determining that Ryan's testimony was not admissible  Ryan's testimony was properly excluded under Rule 702

For the foregoing reasons, the district court's decisions to grant the motions in limine and exclude the evidence at issue are affirmed

149 F 3d 1182 (Table), 1998 WL 344049 (6th Cir (Mich )) Unpublished Disposition

**Briefs and Other Related Documents (Back to top)**

•                97-1768 _____(Docket)
(Jul 22, 1997)

END OF DOCUMENT

© 2005 Thomson/West No Claim to Orig U S Govt Works