Westlaw.

Slip Copy
Slip Copy, 2005 WL 1871170 (N D Miss )
(Cite as: 2005 WL 1871170 (N.D.Miss.))

Page 1

Only the Westlaw citation is currently available

United States District Court,
N D Mississippi, Delta Division
Malinda JOHNSON and Bubba Johnson Plaintiffs
v
DAVIDSON LADDERS, INC , and Louisville
Ladder Group, LLC Defendants
**No. 2:03 CV 227 P-A.**

Aug 4, 2005
Daniel Briggs Smith, Jr , Smith, Phillips, Mitchell &
Scott, Batesville, MS, for Plaintiffs

Francis H Brown, III, Frilot, Partridge, Kohnke &
Clements, New Orleans, LA, and Pope S Mallette,
Mayo, Mallette, PLLC, Oxford, MS, for Defendants

### MEMORANDUM OPINION

PEPPER, J

*1 This cause is before the Court on the defendant's
Motion for Summary Judgment [193] and Motion for
Summary Judgment of Plaintiffs' Punitive Damages
Claim [221] The Court, having reviewed the
motions, the responses, the briefs of the parties, the
authorities cited and being otherwise fully advised in
the premises, finds as follows, to-wit

### FACTUAL BACKGROUND
Malinda and Bubba Johnson filed this suit seeking
recovery for damages sustained due to Ms Johnson's
fall from a ladder designed and manufactured by
Louisville Ladder Group, LLC The Johnsons
purchased the subject ladder, a Davidson Model 527-
06 Title III six-foot aluminum stepladder, from at
Wal-Mart store in Batesville, Mississippi in April
2000, more than eighteen months after its
manufacture Ms Johnson and her husband inspected
the ladder prior to purchasing it, they observed no
defects at that time Furthermore, the Johnsons used
the ladder to perform various household tasks on
numerous occasions without incident

On December 4, 2000, Ms Johnson utilized the
stepladder to tape walls in her home prior to painting
She applied tape to one wall with no trouble and
began taping another wall While she was standing on
the third step, the left rear rail of the ladder suddenly
gave way Ms Johnson fell to the left, away from the
wall She sustained various injuries as she attempted
to plant her foot

On June 3, 2003, the Johnsons filed suit against
Louisville Ladder in the Circuit Court of Panola
County, Mississippi The defendant removed the
action on June 18, 2003 based on the diversity
statute Louisville Ladder subsequently filed an
answer denying all liability After adequate
opportunity for discovery, Louisville Ladder moved
for summary judgment as to each of the claims
advanced by plaintiffs The matter has been fully
briefed and the Court is ready to rule

### STANDARD OF REVIEW
Rule 56©) of the Federal Rules of Civil Procedure
authorizes summary judgment where "the pleadings,
depositions, answers to interrogatories and
admissions on file, together with affidavits, if any,
show that there is no genuine dispute as to any
material fact and that the moving party is entitled to
judgment as a matter of law _Celotex Corporation v
Catrett_ 477 U S 317 322, 106 S Ct 2548, 91
L Ed 2d 265 (1986) The existence of a material
question of fact is itself a question of law that the
district court is bound to consider before granting
summary judgment _John v State of La (Bd Of T
for State C & U_, 757 F 2d 698, 712 (5th Cir 1985)

A judge's function at the summary judgment stage is
not himself to weigh the evidence and determine the
truth of the matter, but to determine whether there is
a genuine issue for trial There is no issue for trial
unless there is sufficient evidence favoring the non-
moving party for a jury to return a verdict for that
party If the evidence is merely colorable, or is not
significantly probative, summary judgment may be
granted _Anderson v Liberty Lobby, Inc_, 477 U S
242 106 S Ct 2505, 91 L Ed 2d 202 (1986)

*2 Although Rule 56 is peculiarly adapted to the
disposition of legal questions, it is not limited to that
role _Professional Managers, Inc v Fawer, Brian,
Hardy & Zatzkis_ 799 F 2d 218, 222 (5th Cir 1986)
"The mere existence of a disputed factual issue,
therefore, does not foreclose summary judgment The
dispute must be genuine, and the facts must be
material " _Id_ "With regard to 'materiality', only those
disputes over facts that might affect the outcome of
the lawsuit under the governing substantive law will
preclude summary judgment _Phillips Oil Company,
v OKC Corporation, 812 F 2d 265, 272 95th_

© 2005 Thomson/West No Claim to Orig U S Govt Works

**EXHIBIT**
tabbies
2

Slip Copy                                                                                            Page 2
Slip Copy, 2005 WL 1871170 (N D Miss )
(Cite as: 2005 WL 1871170 (N.D.Miss.))

Cir 1987) Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law,   all other contested issues of fact are rendered immaterial *See Celotex, 477 U S at 323  106 S Ct at 2552  Topalian v  Ehrman  954 F 2d 1125  1138* (5th Cir 1992)

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party *McPherson v Rankin  736 F 2d 175, 178* (5th Cir 1984)

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion *Union Planters Nat Leasing v Woods,  687 F 2d  117* (5th Cir 1982) The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues *Topalian, 954 F 2d at 1131*

"Rule 56 contemplates a shifting burden  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment] " *John, 757 F 2d at 708* "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment, "even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion *Id at 709*

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence *Ferguson v  National Broadcasting  Co  Inc ,  584 F 2d 111  114* (5th Cir 1978) In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact " *In Re Municipal Bond Reporting Antitrust Lit  672 F 2d 436, 440* (5th Cir 1982) To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial *Rule 56(e),  Fed R Civ P  See also  Union Planters Nat Leasing v  Woods, 687 F 2d at 119*

\*3  While generally "[t]he burden to discover a

genuine issue of fact is not on [the] court, (*Topalian, 954 F 2d at 1137)* "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment " *John,  757 F 2d at 712  quoting Keiser v  Coliseum Properties Inc , 614 F 2d 406  410* (5th Cir 1980)

## LEGAL ANALYSIS
The Johnsons' amended complaint alleged a right of recovery based on strict products liability predicated on the existence of a manufacturing defect, a defect in design and inadequate warning  In addition, plaintiffs also asserted a claim for breach of warranty and a punitive damages claim predicated on the defendant's alleged gross negligence  The Court will address each of these issues in turn

### I  Manufacturing Defect Claim

Mississippi's products liability statute provides as follows with regard to manufacturing defect claims
(a) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller
(i)(1) the product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications  and
(ii) the defective condition rendered the product unreasonably dangerous to the user or consumer, and
(iii) the defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought
Miss Code Ann  11-1-63(a)

The Johnsons alleged the 527-06 Model stepladder had a manufacturing defect which caused the accident and produced Ms Johnson's injuries  They designated George Snyder, a mechanical engineer employed by National Forensic Engineering, Inc , to provide **expert** testimony in support of her claim  According to Snyder's report and deposition testimony, the aluminum in the left rear leg of the Johnson stepladder failed to meet the Young's modulus standard for 6105-T5 aluminum and that the hardness ratings for the aluminum were also inadequate

Defendant levied numerous attacks on the Johnsons' ability to satisfy the elements of their manufacturing

© 2005 Thomson/West  No Claim to Orig  U S  Govt  Works

Slip Copy                                                                              Page 3
Slip Copy, 2005 WL 1871170 (N D Miss )
(Cite as: 2005 WL 1871170 (N.D.Miss.))

defect claim  The Court need only concern itself with the dispositive argument, e g , the Johnsons' inability to prove that the alleged manufacturing defect proximately caused the accident and subsequent damages

The gravamen of the plaintiffs' manufacturing defect claim is that the accident would have been prevented had the ladder met Louisville Ladder's manufacturing specifications or had it been equal in quality to other Model 527-06 ladders  However, Snyder, plaintiffs' **expert** on the manufacturing defect claim, admitted his inability to testify that either of the purported manufacturing defects caused the accident

*4 Q  Can you say to any-to a reasonable degree of engineering certainty that had the ladder been manufactured as you believe it should have been, absent what you're calling manufacturing defects, that Mrs  Johnson's accident would have been prevented

A  No  There is still a strong possibility that this accident would have happened even if the ladder were manufactured with the appropriate Young's modulus and the appropriate hardness

Exhibit E  to Defendant's Motion at p  56-57

The plaintiffs bear the burden of persuasion as to the issue of proximate cause, their failure to produce any evidence from which a reasonable juror could conclude that the claimed manufacturing defects proximately caused her accident is insurmountable  There being no genuine issue of material fact as to the issue of proximate cause, the Court finds that Louisville Ladder is entitled to judgment as a matter of law on plaintiffs' manufacturing defect claim

II  Design Defect Claim

The Mississippi Products Liability Act provides as follows with regard to design defect claims

(a) The manufacturer or seller of the product shall not be liable if the claimant does not prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller

(1)(3) the product was designed in a defective manner  and

(iv) the defective condition rendered the product unreasonably dangerous to the user or consumer and

(v) the defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought

Miss Code Ann  § 11-1-63(a)  In addition, in order

to prevail on a claim of design defect, plaintiff must also prove

(ii) the product failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm  A feasible design alternative is a design that would have to a reasonable probability prevented the harm without impairing the utility, usefulness, practicality or desirability of the product to users or consumers

Miss Code Ann  § 11-1-63(f)

The Johnsons alleged the 527-06 Model stepladder suffered from a design defect which caused her accident and resulting injuries  They designated **L.D. Ryan**, a mechanical engineer employed by Safety Engineering Resources, to provide **expert** testimony in support of her design defect claim  [FN1] According to Ryan's report and deposition testimony, the 527-06 Model stepladder is defective in design because, like every other Type III stepladder, it racks excessively  [FN2] Ryan's racking theory depends on the premise that the Johnson stepladder was racked at the time of time of the accident  As pointed out by the defendant, however, Ryan's assumption is at odds with the Ms  Johnson's sworn deposition testimony

> FN1  George Snyder also offered opinions related to the design defect claim  However, review of the plaintiff's memorandum brief indicates that the plaintiff has abandoned the design defect theory advanced by Snyder

> FN2  "Racking" is a term used to describe a sideways offset or shifting of the rear assembly of a ladder which results in one of the rear feet being elevated off the ground

Q  Were all four feet of the ladder firmly on the ground?
A  Yes, sir

Q  Do you know if anything that you did in climbing the ladder or in putting the tape up that would have caused one of the feet to come off of the ground?
*5 A  No, sir
Exhibit B to the Defendant's Motion at p  82, 84

Both of plaintiffs' **experts** conceded that nothing in Johnson's testimony suggested the ladder was racked at the time of the accident  Ryan testified that the bend in the left rear rail was suggestive of racking, however, tests of exemplar ladders resulted in no similar failures  In short, there is no evidence from

© 2005 Thomson/West  No Claim to Orig  U S  Govt  Works

Slip Copy                                                                                    Page 4
Slip Copy, 2005 WL 1871170 (N D Miss )
(Cite as: 2005 WL 1871170 (N.D.Miss.))

which a jury could reasonably conclude that the ladder was racked at the time of the accident or that racking was the cause of Ms Johnson's fall

Defendant also pointed out a deficiency in evidence with regard to a feasible alternative design Ryan asserts that the Leifheit ladder is an example of a ladder that minimizes racking without sacrificing utility, usefulness or desirability of the ladder Miss Code Ann § 11-1-63(f)(ii) Boiled down to its essentials, the plaintiff's risk-utility argument is as follows 1) The Leifheit ladder is less prone to racking than the Davidson 527-06 stepladder 2) Less racking necessarily means fewer accidents

Ryan's conclusory assertion notwithstanding, plaintiffs failed to adduce any evidence to demonstrate the extent of the risk that the alternative design would have avoided or how the alternative design would have affected its utility Although the plaintiffs offered up numerous claims reports pertaining to other accidents involving the 527-06 ladder, they failed to show that the incidents were similar to Ms Johnson's accident More importantly, they offered no evidence relative to the effectiveness of the alternative design in reducing the severity or frequency of accidents

As the Fifth Circuit noted in *Lavespere v Niagra Machine & Toolworks, Inc*
> [Plaintiff's] proof of the risk that might have been avoided by the alternative design and of the burden that switching to the alternative design would have entailed was, to say the least, incomplete Faced with this meager evidence, no reasonable trier of fact could have concluded that the balance of those two factors tipped in favor of the risk avoided One cannot balance an indeterminate weight
> 910 F 2d 167 183 (5th Cir 1990)

Plaintiffs failed to meet their burden of demonstrating a triable issue of fact with regard to the design defect claim Defendant's motion for summary judgment is well-taken with regard to this aspect of the Johnsons' products liability claim

### III Inadequate Warning Claim

Though her amended complaint included an inadequate warning claim, plaintiffs' response to the motion for summary judgment concedes that the facts developed through discovery fail to support such a claim Defendant is entitled to summary judgment on this claim

### IV Breach of Warranty Claim

The MPLA provides that plaintiffs may be ale to demonstrate a product is defective if they can show that the "product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product " Miss Code Ann § 11-1-63(a)(i)(4) The Johnsons failed to provide any evidence to support their breach of express warranty claim

### V Breach of Implied Warranties of Fitness for a Particular Purpose/Merchantability

*6 Title 75, chapter 2, section 315 of the Mississippi Code states that
> when a seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods shall be fit for such purpose

Miss Code Ann § 75-2-315 A caveat to the warranty of fitness for particular purpose applies when the good is merely purchased for the ordinary use of a good of that kind [FN3] Ms Johnson's testimony revealed that she and her husband purchased the ladder for ordinary household use Accordingly, there is no claim for breach of implied warranty of fitness for a particular purpose

> FN3 Official Comment to UCC § 2-315 states that "a 'particular purpose' differs from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer which is peculiar to the nature of his business whereas the ordinary purposes for which goods are used are those envisaged in the concept of merchantability and go to uses which are customarily made of the goods in question " See *Ford Motor Co v Fairley*, 398 So 2d 216 219 (Miss 1981), *Curry v Sile Distributors*, 727 F Supp 1052 (N D Miss 1990)

Pursuant to Mississippi Code Annotated § 75-2-314, an implied warranty of merchantability accompanies the sale of goods by merchants Merchantable goods are those that at least "pass without objection in the trade" and "are fit for the ordinary purposes for which such goods are used " § 75-2-314(2)(a) and ©) "[T]he implied warranty of merchantability is not intended to guarantee that the goods be the best or of the highest quality-the standard is measured by the

© 2005 Thomson/West No Claim to Orig U S Govt Works

Slip Copy                                                                                                                    Page 5
Slip Copy, 2005 WL 1871170 (N D Miss )
**(Cite as: 2005 WL 1871170 (N.D.Miss.))**

generally acceptable quality under the description in the contract " *Beck Enterprises Inc v Hester,* 512 So 2d 672 (Miss 1987)(citing *Dickerson v Mountain View Equipment Co, Inc,* 701 P 2d 621 (Ct App 1985) Where a product conforms to the quality of other similar products in the market, it will normally be merchantable

As pointed out by Louisville Ladder, the Johnson stepladder complied with the applicable ANSI and OSHA regulations in its design and manufacture Furthermore, the ladder was not defective in the sense that it deviated in quality compared to similar products in the market The Johnsons' ladder was exactly like all other Louisville Ladder manufactured aluminum stepladders and it was nearly the same as all other Type III stepladders on the market Plaintiffs failed to demonstrate a triable issue of fact on her implied warranty of merchantability claim

VI Res Ipsa Claim

Plaintiffs' second amended complaint pleaded the doctrine of res ipsa loquitur The doctrine of res ipsa loquitur is a rule of circumstantial evidence allowing the inference of negligence from the mere fact of an unexplained accident *Michaels v Avatech, Inc,* 202 F 3d 746 (5th Cir 2000) In order for the doctrine to apply, plaintiffs must be capable of proving 1) the character of the accident must be such that it would not ordinarily occur in the absence of negligence, and 2) the instrumentality causing the injury must have been under the management and control of the defendant *Morgan v Mississippi Power Co,* 298 So 2d 698, 700 (Miss 1974) *See also Edwards v Campbell Clinic, Inc* 90 F Supp 2d 723 (N D Miss 2000), *Dye v Ford Motor Company* 2000 WL 877005 (N D Miss 2000)

The doctrine is inapplicable to this case because the plaintiffs cannot satisfy the second element of the res ipsa doctrine, e g , the stepladder was not under the management and control of Louisville Ladder at the time of the accident The defendant is entitled to summary judgment on the res ipsa loquitur issue as well

VII Punitive Damages Claim

*7 Inasmuch as the defendant is entitled to summary judgment on all of the plaintiffs' substantive claims, the Court likewise concludes that there is no basis for the imposition of punitive damages Louisville Ladder is entitled to judgment as a matter of law on the issue of punitive damages

CONCLUSION
Based on the foregoing facts and analysis, the Court finds that the defendants' motions are well-taken and should be granted A judgment will issue accordingly

This, the 3rd day of August, 2005

Slip Copy, 2005 WL 1871170 (N D Miss )

END OF DOCUMENT

© 2005 Thomson/West No Claim to Orig U S Govt Works